Henderson, Judge.
 

 — Had the Plaintiffs resorted to a Court of Equity to recover their distributive shares, I doubt very much whether a decree could be made against them, or even against the property of the intestate in their hands, for any balance which might be due to the Defendant, upon taking an account of transactions between him and the intestate, they having stood in a relation to each other which subjected them toan account. But be that as it may, Í think that the Courts of Law, in cases of petitions for filial portions and distributive
 
 *66
 
 glares, being in this respect. Courts of limited jurisdiction, have no such power. It is true, that if an account between the parties is necessary to sustain either the charge, or the defence,
 
 quoad hoc,
 
 the Court has jurisdiction, but no further. In the present case, if an account of the different partnerships in which the intestate was concerned, was necessary, either to support the case of the petitioners, or the defence of the Defendant — so far the Court had jurisdiction to take it; as it would be absurd to confer on the Court the power of deciding, and yet withhold from it the power of doing so correctly.
 

 The account t?.ken is therefore evidence, so far as it goes to discharge the Defendants, but for no other purpose; as to any other, it not being necessary to a correct decision of the suit, the Legislature has not conferred the power of taking it. The decree pronounced in favor of the Defendants against the Complainants, must therefore be reversed, and the petition dismissed — the Defendants paying the co~í of this Court, and the Petitioners all other costs.
 

 Per Curiam.
 

 — Decree reversed, and the [petition-dismissed.